# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEAN YVONNE MILLER, : Civil No. 3:17-CV-01452
 :
  Plaintiff, :
 :
  v. :
 :
ANDREW SAUL, :
 :
  Defendant. : Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

Before the court is Plaintiff Jean Yvonne Miller's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as the prevailing party in this social security appeal.  (Doc. 30.)  Defendant, the Commissioner of Social Security Andrew Saul[1], opposes the motion and alternatively requests that the court reduce the amount of Plaintiff's fee request.  (Doc. 31.)  Upon review of the parties' submissions, the court holds that Defendant's position in this case was not substantially justified.  For the reasons that follow, the court grants Plaintiff's motion for attorney fees.  (Doc. 30.)

---

[1] At the time this case was filed, the acting Commissioner of Social Security was Nancy A. Berryhill, and thus, Plaintiff named her as the Defendant.  Andrew M. Saul became the Commissioner of Social Security on June 17, 2019.  *See* OFFICIAL SOCIAL SECURITY WEBSITE https://www.ssa.gov/agency/commissioner.html (last accessed April 22, 2020).  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, as the new Commissioner of Social Security, Andrew M. Saul is automatically substituted for the original defendant.  FED. R. CIV. P. 25(d).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In May, 2014, Plaintiff, Jean Yvonne Miller ("Miller"), applied for disability insurance benefits, disabled widow's benefits, and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382c. (Doc. 13-5, at 7, 11.)[2] Miller alleged disability in connection with the following impairments: chronic obstructive pulmonary disease ("COPD"); depression; reflex sympathetic dystrophy syndrome ("RSDS"); osteoarthritis; degenerative disc disease; spinal stenosis; chronic pain; heart arrythmia; anemia; gastrointestinal reflux disease ("GERD"); bulging discs; and menstrual migraine. (Doc. 13-6, at 6.) After the Social Security Administration denied Miller's application initially, she requested a hearing before an Administrative Law Judge ("ALJ") on December 2, 2014. (Doc. 13-4, at 12, 14.)

The ALJ held a hearing in June, 2016 and, in a written decision issued on September 9, 2016, ultimately found that Miller was not disabled under the Social Security Act. (Doc. 13-2, at 41, 48.) Miller appealed the ALJ's unfavorable decision to the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council"), which denied her request for review on December 27, 2016. (Doc. 13-2, at 11.)

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Miller subsequently filed the instant appeal of the denial of benefits on August 15, 2017.  (Doc. 1.)  She sought reversal on the grounds that the ALJ's residual functioning capacity ("RFC") assessment was not supported by substantial evidence and contained other related errors of law.  (Doc. 14.)  The case was assigned to United States Magistrate Judge William I. Arbuckle.

On February 15, 2019, Judge Arbuckle issued a report and recommendation ("R&R") recommending that the Commissioner of Social Security's ("the Commissioner") decision be affirmed.  (Doc. 19.)  Miller subsequently filed objections, which the court (Honorable James M. Munley) sustained on August 12, 2019.  (Doc. 27.)  Specifically, the court concluded that the ALJ erred in the following ways: (1) discounting the only medical opinion of record pertaining to Miller's mental impairments[3] when a dearth of supporting evidence from other sources existed, resulting in a residual functional capacity ("RFC") assessment that was not supported by substantial evidence; (2) failing to adequately develop the evidentiary record; and (3) declining to order a consultative examination of Plaintiff.  *Id.*  As such, the court remanded the case to the Commissioner for further review.  (Doc. 28.)

---

[3] Specifically, the ALJ gave little weight to the opinion of state agency psychologist, Dr. Erin Urbanowic ("Dr. Urbanowic").  (Doc. 27, at 12–13.)  While noting that it did not constitute medical opinion evidence under the regulations, the ALJ also gave some weight to a letter from Plaintiff's treating therapist, Ms. Amy Mickle ("Therapist Mickle").  *Id.*

Plaintiff subsequently filed the present motion for attorney's fees on November 11, 2019.  (Doc. 30.)  The Commissioner filed a brief in opposition on November 25, 2019, bringing the case to its present procedural posture.  (Doc. 31.) On March 25, 2020, this case was reassigned to United States District Judge Jennifer P. Wilson following the passing of the Honorable James M. Munley.

## JURISDICTION

The court has federal question jurisdiction over this matter as it involves the award of attorney's fees in a social security appeal.  *See* 42 U.S.C. § 1383(c).

## STANDARD OF REVIEW

The EAJA authorizes the court to award attorney's fees to the prevailing party in a social security appeal, unless the court finds that the position of the United States was substantially justified.  28 U.S.C. § 2412(d)(1)(A).  In the instant case, it is uncontested that Miller is the prevailing party in this action.  Thus, at issue is whether the government's position was substantially justified.

The Supreme Court has defined the term "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). The Third Circuit Court of Appeals has explained that "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits."  *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir.

1998).  Instead, the court must determine whether a reasonable basis in law and fact supported the government's position.  *Id.*

The burden of proving a substantial justification is on the government. *Dougherty v. Lehman*, 711 F.2d 555, 561 (3d Cir. 1983).  The burden is satisfied when the Commissioner shows: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory [he] propounds; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985).  Further, the government must establish a substantial justification on every issue, both during the administrative proceedings and during litigation in the court.  *Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993).  Not only must the government demonstrate a substantial justification for its position in the instant litigation, but it also must show a substantial justification for the administrative decisions prior to litigation.  *Morgan*, 142 F.3d at 684.

## DISCUSSION

In her motion, Miller argues that the Commissioner's denial of her claim and the government's defense of this action were not substantially justified.  Thus, as the prevailing party under the EAJA, Miller requests that attorney's fees in the amount of $10,803.08 be awarded to her counsel, Kenneth R. Hiller ("Attorney Hiller" or "Miller's Counsel").  The Commissioner asserts that Miller's request for

attorney's fees should be denied, as the EAJA is not a "loser pays" statute and the government's arguments were reasonably sound.  Alternatively, the Commissioner submits that the court should reduce the amount of attorney's fees sought by Plaintiff to $8,193.26.

The court addresses each issue in turn.

**A. Whether the Commissioner's Position was Substantially Justified**

In opposing the instant motion for attorney's fees, the Commissioner contends that its position regarding each of Miller's prevailing arguments was substantially justified.  Specifically, the Commissioner claims that it had a reasonable basis in fact and in law to argue that: (1) substantial evidence supported the ALJ's RFC assessment; (2) the ALJ properly developed the evidentiary record; and (3) the ALJ did not err in failing to order a consultative examination of Miller.[4] For the following reasons, the court finds that the Commissioner fails to meet its burden of proving a substantial justification for these arguments.

**1.  The Commissioner's Defense of the ALJ's RFC Assessment**

With respect to the first argument, the Commissioner asserts that it reasonably defended the ALJ's mental impairment RFC assessment even though a

---

[4] The court notes that the Commissioner's brief frequently references Judge Arbuckle's R&R to support the claim that its position was substantially justified.  However, "a position is not substantially justified solely because the magistrate judge agrees with the ALJ." *Barry v. Astrue*, No. CIV.A. 05-1825, 2007 WL 2022085, at *4 (E.D. Pa. July 9, 2007).  Accordingly, insofar as the Commissioner relies on the conclusions set forth in the R&R, which ultimately recommended that the ALJ's unfavorable decision be affirmed, this in and of itself is not dispositive.

supporting medical opinion did not exist in the evidentiary record.  (Doc. 31, at 7.)
In support of this contention, the Commissioner cites to various cases from within
this Circuit for the proposition that an RFC finding need not be based on a
corresponding medical opinion. *Id.* at 8.  The Commissioner also asserts that the
court's evaluation of this issue ultimately focused on whether the ALJ afforded any
weight to the available medical opinion evidence. *Id.* at 7.

As noted in the court's memorandum, there is no categorical rule that an
ALJ must adopt a supporting medical opinion to formulate an RFC assessment.
(Doc. 27, at 11.)  However, "rarely can a decision be made regarding a claimant's
residual functional capacity without an assessment from a physician regarding the
functional abilities of the claimant." *Id*. (citing *Ennis v. Astrue*, No. 4:11-CV-
1788, 2013 WL 74375, at *6 (M.D. Pa. Jan. 4, 2013) (citing *Doak v. Heckler*, 790
F.2d 26, 29 (3d Cir. 1986))).  Additionally, in formulating an individual's RFC, the
ALJ cannot substitute medical evidence for "his or her own credibility judgments,
speculation or lay opinion."  (Doc. 27, at 12.) (citing *Morales v. Apfel*, 225 F.3d
310, 317 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir.
1999))).  The ALJ's RFC finding must also "be accompanied by a clear and
satisfactory explication of the basis on which it rests." *Fargnoli v. Massanari*, 247
F.3d 34, 41 (3d Cir. 2001) (quoting *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir.
1981)).

Here, it is undisputed that the ALJ gave little weight to the opinion of state agency psychologist, Dr. Urbanowic.  Notably, Dr. Urbanowic's evaluation constituted the only medical opinion in the record that related to Miller's mental health impairments.  (Doc. 27, at 12.)  The ALJ also afforded some weight to the statements of Therapist Mickle, which indicated that Miller's mental health symptoms often interfered with her daily functioning.  *Id.* at 13.  The ALJ nonetheless found that Therapist Mickle's statements were "relatively consistent" with the RFC assessment, as they did not equate to Miller's "ability to do no work."  (Doc. 13-2, at 38.)

According to the Commissioner, the ALJ analyzed the relevant evidence in the record, including the opinion evidence, medical records, and Miller's subjective statements, to develop the RFC that accounted for Miller's alleged mental health impairments.  (Doc. 31, at 8.)  However, as noted in the court's memorandum granting Miller's appeal, the ALJ effectively discounted the mental health evaluation completed by Dr. Urbanowic.  (Doc. 27, at 13.)  Further, insofar as the ALJ concluded that Therapist Mickle's statements were relatively consistent with the RFC determination, the court noted that this finding was misleading.  *Id.* at 14.  In short, the ALJ ultimately formulated the RFC without the benefit of any medical opinion related to Miller's mental health impairments and without other relevant evidence that clearly supported its conclusions.  This lack of substantial

evidence in the record to support the RFC determination accordingly required remand. *See Torres v. Berryhill*, No. 3:16-CV-02230, 2017 WL 4621787, at *2 (M.D. Pa. Oct. 16, 2017) (finding that the government's position was not substantially justified when the record obviously "lacked the relevant degree of substantial evidence to support the ALJ's RFC determination . . . .") (citing *Cotter*, 642 F.2d at 204); *Siggelow v. Colvin*, No. 3:15-CV-1308, 2016 WL 3959035, at *1 (M.D. Pa. July 22, 2016) (finding that the commissioner's position was not substantially justified when the ALJ lacked both medical *opinion* and medical *evidence* to support its RFC assessment). Therefore, the court finds that the Commissioner's defense of the ALJ's RFC evaluation was not substantially justified here.

### 2. The Commissioner's Defense of the ALJ's Development of the Evidentiary Record

As to the second issue, Miller asserts that the ALJ failed in his obligation to fully develop the record. (Doc. 30-1, at 3–4.) In opposing Miller's motion for attorney's fees, the Commissioner claims that it was substantially justified in arguing that the ALJ relied on a sufficiently developed record to determine the issue of Miller's disability. (Doc. 31, at 14.)

It is well settled that "ALJs have a duty to develop a full and fair record in social security cases." *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). This obligation remains even if a claimant is represented by counsel. *Herring v. Colvin*,

181 F. Supp. 3d 258, 272 (M.D. Pa. 2014).  If the ALJ fails to adequately develop the record, the plaintiff must nonetheless show that clear prejudice resulted from such error.  *Id.* at 268.

As noted in the court's prior memorandum, Miller's counsel notified the ALJ at the disability determination hearing that the record remained incomplete. (Doc. 27, at 14.)  In response, the ALJ left the record open for an extended period. *Id*.  After Miller's counsel provided two sets of additional treatment records, the ALJ evidently assumed that all supplemental documents had been submitted and closed the record.  *Id*.  At that time, however, the record still was missing thirteen months of relevant treatment records.  *Id*.

Based on this information, and the fact that Miller's counsel had previously informed the ALJ that he was having difficulty obtaining Miller's treatment records, the court found that the ALJ failed to adequately develop the record.  *Id*. at 15.  The court also determined that the evidentiary gap likely resulted in prejudice to Miller's case, given that the ALJ cited to a lack of corroborating treatment records in discounting Miller's testimony.  *Id*. at 16.  Although the Commissioner claims that Miller's counsel could have addressed these missing medical records "at any point," Doc. 31 at 13, the ALJ could have similarly taken proactive steps to confirm the record's completion.  Accordingly, the court is unpersuaded that the Commissioner's defense of the ALJ's failure to develop the record was reasonable.

*See Centeno v. Comm'r of Soc. Sec.*, No. CIV. 096023 AET, 2011 WL 810970, at
*2 (D.N.J. Mar. 2, 2011) (holding that the "ALJ's failure to develop the record was
tantamount to a failure to substantially justify the position taken as to Plaintiff's
disability application.").

Therefore, the court finds that the Commissioner's position regarding this
issue was not substantially justified.

### 3. The Commissioner's Defense of the ALJ's Decision not to Hire a Consultative Examiner

In its third point, the Commissioner argues that the record evidence was
sufficient to support the ALJ's conclusions without having to hire a consultative
examiner.  (Doc. 31, at 14–17.)  On appeal, Miller argued, and the court agreed,
that the ALJ should have ordered a consultative examination in this case.  (Doc.
27, at 16–19.)

As discussed *supra*, the ALJ has an obligation to fully develop the record.
*Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995).  Although this obligation has
its limits, it is triggered when the record is inadequate to allow for the proper
evaluation of evidence by the ALJ.  *See Nirka v. Colvin*, No. 3:15-CV-2409, 2016
WL 3077359, at *12 (M.D. Pa. June 1, 2016) (citing *Mayes v. Massanari*, 276 F.3d
453, 459-60 (9th Cir. 2001)).  Fully developing the record may therefore require
ordering a consultative examination.  *See Thompson v. Halter*, 45 F. App'x 146,
149 (3d Cir. 2002) (finding that the "ALJ's duty to develop the record does not

require a consultative examination unless the claimant establishes that such an

examination is necessary to enable the ALJ to make the disability decision."); 20

C.F.R. § 404.1519a (noting that a consultative examination may be required when

there is a need to resolve an inconsistency in the record or "when the evidence as a

whole is insufficient to allow us to make a determination or decision on your

claim"); 20 C.F.R. § 416.919a (same).  Whether to order a consultative

examination, however, "is within the sound discretion of the ALJ."  *Thompson*, 45

F. App'x at 149.

Here, the Commissioner argues that its position was reasonable, as the law

does not require an ALJ to order a consultative examination.  (Doc. 31, at 15–16.)

However, when viewed against the medical record before the ALJ when he

rendered his opinion, and the clear lack of opinion evidence regarding Miller's

mental health impairments, the failure to arrange for such an examination resulted

in an RFC determination that was unsupported by substantial evidence.  As noted

in the court's memorandum granting Miller's appeal, this also resulted in an

opinion that veered "dangerously close to [the ALJ] substituting his own credibility

judgments, speculation, and lay opinion for proper medical evidence," in violation

of established Third Circuit precedent.  (Doc. 27, at 18–19.) (citing *Morales v.*

*Apfel*, 225 F.3d 310, 317–18 (3d Cir. 2000); *Ferguson v. Schweiker*, 765 F.2d 31,

37 (3d Cir. 1985)).  For these reasons, the court finds that the Commissioner was not substantially justified in opposing remand under these circumstances.

As the Commissioner has failed to meet its burden, with respect to this issue and the other issues discussed *supra*, Miller's motion for attorney's fees will be granted.

## B. Whether the Requested Fees are Reasonable

The court now considers the proper amount of attorney's fees to be awarded. Attorney Hiller asserts that he expended a total of 53.2 hours during this litigation and provides an itemized time sheet in support.  (Doc. 30-2.)  The Commissioner argues that the court should reduce the total number of hours requested (53.2 hours) to 40.2 hours.  (Doc. 31, at 19.)  Specifically, the Commissioner challenges the reasonableness of the following time entries submitted by Attorney Hiller: a total of 3.7 hours[5] for reviewing the file, making calls to the client, preparing the complaint and IFP form, and reviewing notices that these documents were filed (the "Appeal Fees"); and a total of 24.5 hours[6] for reviewing the administrative record, drafting the opening legal brief and preparing the supporting memorandum

---

[5] Upon review of the itemized time sheet, Attorney Hiller billed this time between August 1, 2017 and November 24, 2017.  (Doc. 30-2, at 1.)

[6] Upon review of the itemized time sheet, Attorney Hiller billed this time between January 1, 2018 and January 8, 2018.  (Doc. 30-2, at 2.)

of law (the "Briefing Fees").[7] *Id.* at 17–19.  Instead, the Commissioner submits

that billing 1.2 hours for the Appeal Fees and 14 hours for the Briefing Fees is

more reasonable, and requests that the total award of attorney's fees be reduced

from $10,803.08 to $8,193.26.[8] *Id.* at 18–19.

Pursuant to the EAJA, the party seeking attorney's fees must demonstrate

that their request is reasonable and "should make a good-faith effort to exclude

from a fee request hours that are excessive, redundant, or otherwise unnecessary,

just as a lawyer in private practice ethically is obligated to exclude such hours from

his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). "To meet its

burden, the fee petitioner must 'submit evidence supporting the hours worked and

rates claimed.'" *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990) (citing

*Hensley,* 461 U.S. at 433).  If the adverse party challenges the amount of fees

requested, the court "has a great deal of discretion to adjust the requested fees in

light of the objections raised." *Magwood v. Astrue*, 594 F. Supp. 2d 557, 562 (E.D.

Pa. 2009).  The submission of excessive, redundant, or unnecessary hours are not

considered reasonable expenditures under the EAJA and should be excluded from

the total fee award.  *Id.*

---

[7] The court notes that the Commissioner does not contest the remaining 25 hours billed by Attorney Hiller between March 21, 2018 and November 11, 2019.  (Doc. 30-2, at 2.)

[8] The Commissioner does not challenge the hourly rates calculated by Attorney Hiller.  The hourly rates calculated by Attorney Hiller appear to be reasonable.  Therefore, the court will not disturb the hourly rates set forth in Plaintiff's motion for attorney's fees.

Here, the Commissioner claims that the initial complaint in this action is a common Social Security complaint with few facts, and that the IFP application is derived from a boilerplate form. (Doc. 31, at 18.)  As such, the Commissioner seeks a reduction from 3.7 hours to 1.2 hours to reflect a reasonable amount of billable time.  *Id.*  However, upon review of Attorney Hiller's supporting time sheet, a total of .6 hours was expended for the preparation and finalization of the complaint and IFP application.[9]  (Doc. 30-2 at 1.)  The court does not find these hours to be excessive or unreasonable.

The Commissioner additionally challenges the submission of 24.5 hours for reviewing the administrative record and preparing Miller's legal briefs.  (Doc. 31, at 18–19.)  According to the Commissioner, Miller's appeal involved uncomplicated issues of law that Attorney Hiller, as a specialist in Social Security disability, frequently litigated.  *Id.* at 19.  The Commission also asserts that this task was overbilled because this matter had a comparatively short administrative record of 690 pages.  *Id.* at 18.  The Commissioner thus seeks a reduction of time to 14 total hours for this billed work.  *Id.* at 19.  Upon review of Attorney Hiller's briefs, supporting time log, and the record as a whole, the court is not persuaded by

---

[9] The remaining hours noted by the Commissioner appear to reflect Attorney Hiller's review of the Appeals Counsel decision, deciding to appeal and conferring with Plaintiff (2.8 hours total), and reviewing various notices from the court (.3 hours total), which the Commissioner does not challenge with specificity in its opposition brief.

the Commissioner's arguments.  *See Bauer-Cromartie v. Astrue*, No. CIV. A. 07-1392, 2008 WL 5129897, at *2 (E.D. Pa. Dec. 5, 2008) (finding that the fees requested by plaintiff's counsel, even as a "preeminent Social Security disability attorney," were reasonable when defendant essentially contended that he "should have been able to perform his research and draft his documents more quickly and efficiently").  Therefore, the court finds that the amount of time of expended by Attorney Hiller was reasonable and not excessive, and the requested award of $10,803.08 will be granted.

## CONCLUSION

For the reasons stated herein, Miller's motion for attorney's fees under the EAJA is granted in the amount requested, $10,803.08.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 22, 2020